IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 4:10CR3053 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER SETTING HEARING** |
| ) | **AND** |
| AARON POLK, ) | **TENTATIVE FINDINGS** |
| ) | |
| Defendant. ) | |

I am in receipt of the presentence investigation report in this case. There are objections and motions for departure or variance.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220(2005) and subsequent cases. *See*, *e.g.*, *Gall v. U.S.*, --- S.Ct. ----, 2007 WL 4292116 (2007). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' general advice through §3553(a)'s list of factors[1]; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.[2]

(2A) <u>The undersigned allocates 2 hours total to resolve the objections and motions and conclude sentencing. The hearing shall commence at 10:30 A.M. on Tuesday, January 3, 2012 and proceed until noon. If not finished then, the hearing shall start again at 12:30 PM on January 3, 2012 and proceed for no more than one-half hour. Counsel shall plan accordingly.</u>

---

[1] However, I will no longer give the Guidelines "substantial weight."

[2] *See* note 1.

(2B) The government's objection (filing no. 136) to the defendant's claim of entitlement to the safety-valve, the government's objection to certain statements in the presentence report and the government assertion that the undersigned should depart upward because of the managerial role played by the defendant will be resolved at sentencing.

(2C) The defendant's motion for safety-valve eligibility (filing no. 138), the defendant's motion for a mitigating role adjustment (filing no. 140), and the defendant's motion (filing no. 142) for deviation or variance primarily but not exclusively because of the special needs of a child will be resolved at sentencing.

(3) Except to the extent (if at all) that I have sustained an objection or granted a motion or reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

December 20, 2011.

BY THE COURT:
*Richard G. Kopf*
United States District Judge